## Escheatable Property of No Value

MITCHELL A. KRAMER, Deputy Attorney General, and ANNE X. ALPERN, Attorney General, July 23, 1959.—You have requested our advice regarding escheatable personal property which is worthless. Specifically you ask: (1) Whether the holder of such property must report same to the Commonwealth; (2) if reportable, what disposition the Department of Revenue may make of such property; and (3) if such property is the subject of litigation in a court of record in this Commonwealth, whether the Commonwealth may enter into a stipulation with the holder agreeing to dispose of such property as worthless.

Considering first the question of reporting, the various reporting acts are: Act of June 7, 1915, P. L. 878, sec. 3, title as amended by the Act of July 12, 1919, P. L. 926, 27 PS §262; Act of June 25, 1937, P. L. 2063, sec. 3, as amended by the Act of May 11, 1949, P. L. 1133, 27 PS §436; The Fiscal Code of April 9, 1929, P. L. 343, sec. 1305, as amended by the Act of May 16, 1935, P. L. 190, 72 PS §1305.

Typical of these is the last named act, The Fiscal Code, which reads in pertinent part:

"(d) Every person . . . or other corporation or association, engaged in the business of receiving . . . property for safe keeping, which has received and holds . . . any other property or estate of another person for storage or safe-keeping or otherwise . . . shall make a report of all such . . . property . . ."

In none of the reporting acts is the word "property" qualified by any language indicating that it must be property having value above mere scrap value. Thus, on its face, each of these reporting acts requires that all escheatable property be reported to the Department of Revenue.

One of the important functions of the escheat laws is to safeguard the value of unclaimed property, the same being held for the owner either for three years after an escheat (Act of May 2, 1889, P. L. 66, sec. 22, as amended by the Act of May 20, 1921, P. L. 946, 27 PS §91), or indefinitely after a taking without escheat: The Fiscal Code of April 9, 1929, P. L. 343 sec. 504, as amended by the Act of January 24, 1956, P. L. 943, 72 PS §504. As a logical matter, if the Commonwealth is designated by law as custodian of abandoned property, either for three years or indefinitely, as the case may be, it must have notice of the existence of all such property so that the Commonwealth, not the holder, may evaluate such property.

Therefore, all escheatable property must be reported to the Commonwealth even if the holder believes it to be of no value.

Considering next the problem of what disposition the Department of Revenue may make of escheatable property which is worthless, we find that the escheat laws specifically provide for the disposition of property immediately upon its receipt by selling same and turning over the proceeds to the General Fund or State School Fund: Act of May 16, 1919, P. L. 177, sec. 1, as amended by the Act of April 21, 1921, P. L. 211, 27 PS §431; Act of June 7, 1915, P. L. 878, sec. 9, as amended by the Act of April 21, 1921, P. L. 223, 27 PS §283; Public School Code of March 10, 1949, P. L. 30, sec. 2601, 24 PS §26-2601.

After the sale of escheatable property, the owner is entitled only to reclaim its value: Act of May 2, 1889, P. L. 66, sec. 22, supra. Hence it must be implied that if property is worthless and thus not capable of being sold, it can similarly be disposed of immediately upon its receipt by the Commonwealth. This conclusion is supported by the fact that worthless property need

not be advertised in an attempt to locate its rightful owner after it is taken by the Commonwealth as escheatable: The Fiscal Code, supra, sec. 1307, 72 PS §1307.

Accordingly, the conclusion is inescapable that worthless property once escheated or taken without escheat may be disposed of by the Commonwealth immediately upon its receipt.

We next turn to the question of whether worthless escheatable property, the subject of litigation involving an interest of the Commonwealth in a court of record of this Commonwealth, may be disposed of upon a stipulation entered into between the Commonwealth and the holder of such property.

If, as above set forth, the Commonwealth has the right to dispose of worthless escheatable property immediately upon its receipt, logically the Commonwealth may dispose of such property once it becomes the subject of litigation. For this not to be true, such property would have to be stored until the litigation was concluded, then shipped to the Department of Revenue and then disposed of. The purpose of requiring reporting of such property is so that the Commonwealth may examine same and determine whether it is of value or not; but once such property has become the subject of litigation, the Commonwealth must know of its existence. Before any stipulation is entered into, however, the Commonwealth must examine such property and determine that it is of no value.

To require such property to be stored until litigation was concluded would be to require a useless act and this the law will not normally do.

We are therefore of the opinion and you are accordingly advised:

1. That the holder of reportable escheatable property must report same to the Department of Revenue whether or not such property is of value;

2. That once such worthless property has come into the possession of the Department of Revenue and has been examined, it may be destroyed if found to be of no value; and

3. That if such property is the subject of litigation in a court of record of this Commonwealth, the Commonwealth may enter into a stipulation with the holder of such property agreeing that it be disposed of.